IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                                 )<br>                   Plaintiff/Respondent,   )<br>                                                                 )<br>v.                                                            )<br>                                                                 )<br>KENNETH WATERBURY,                 )<br>                                                                 )<br>                   Defendant/Movant.     )<br>                                                                 )<br>_____)  | Case No. 03-20051-JWL<br>                08-2089-JWL |

## **MEMORANDUM AND ORDER**

On September 26, 2008, the court issued a memorandum and order denying Mr. Waterbury's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 518). Mr. Waterbury has now filed a notice of appeal (Doc. 524) and a motion for a certificate of appealability. (Doc. 523). Thus, the court considers whether it is appropriate to grant a certificate of appealability on any issues, and it declines to do so.

As the Tenth Circuit has explained:

A certificate of appealability should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion,

Mr. Waterbury argued that his counsel was constitutionally ineffective for three reasons: 1) he claimed his counsel was ineffective for failing to seek severance in his case; 2) he claimed his trial counsel was ineffective for failing to object to his wearing prison clothes on the first day of trial; and 3) he claimed that trial counsel failed to further investigate and call an alibi witness who could testify he did not own the firearm which was the subject of his possession conviction. Mr. Waterbury cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issues should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further. Thus, this court denies his motion for a certificate of appealability.

In his motion for a certificate of appealability, Mr. Waterbury contends that he was entitled to an evidentiary hearing. *See* Motion for a Certificate of Appealability, Doc. 523, at 3-7. However, as the court explained in its denial of Mr. Waterbury's § 2255 motion, an evidentiary hearing is unnecessary where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court does not need to grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, *3 (10th Cir. 1997) (table opinion)

("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

In his § 2255 motion and his motion for a certificate of appealability, Mr. Waterbury never states he asked his lawyer to object to his wearing of prison attire on the first day of trial. As discussed extensively in the court's denial of his § 2255 motion, the government did not compel Mr. Waterbury to wear prison clothing; rather, the defendant's fiancee overslept and did not bring his civilian clothing at the start of trial. (Doc. 518, at 9-11). The court asked Mr. Waterbury's counsel if he was prepared to proceed and he agreed that he was. The court also asked the jury pool if they would be prejudiced by the defendant's prison attire, and they agreed they would be impartial. Mr. Waterbury has never claimed that he asked his attorney to object and there is no evidence in the record that he objected to proceeding to trial in prison clothing. Therefore, there is no factual dispute on this issue and no evidentiary hearing is necessary.

Regarding the other potential factual disputes raised by Mr. Waterbury in his motion for a certificate of appealability, no evidentiary hearing is necessary where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Galloway*, 56 F.3d at 1240 n.1. Mr. Waterbury failed to show he was prejudiced by his counsel's failure to file a motion to sever. Mr. Waterbury made several broad conclusory statements regarding the jury's ability to distinguish testimony against him and against his co-conspirators; however, the trial court instructed the jury on how

3

to consider the evidence separately and Mr. Waterbury made no specific claims about the jury considering evidence that did not bear on his guilt. Having an evidentiary hearing would also not change the court's decision with respect to Mr. Waterbury's third ground for relief. As the court explained in its denial of Mr. Waterbury's § 2255 motion, the third ground did not meet the first or second prong of *Strickland*. Namely, a defendant's difference in opinion regarding the method and strategy of trial counsel is insufficient to overcome "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In addition, Mr. Waterbury fails to show prejudice under the second prong of the *Strickland* test. The potential testimony as to the disputed ownership of the gun may very well have been probative. However, given the extensive evidence presented at trial as to the defendant's actual and constructive possession of the handgun, Mr. Waterbury cannot argue he was prejudiced by his counsel's decision not to call a witness who could have potentially corroborated that the gun Mr. Waterbury was charged with possessing did not belong to him.

In his motion for a certificate of appealability, Mr. Waterbury also takes issue with the court's analysis regarding the legal questions presented by his three grounds for relief. However, Mr. Waterbury fails to "demonstrate that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Saiz*, 392 F.3d at 1171 n.3. Therefore, for the foregoing reasons, the court declines to issue a certificate of appealability.

4

IT IS SO ORDERED.

Dated this 15th day of December, 2008, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge