# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                **Case No. 03-20051-08-JWL**
                                                           **Civil Case No: 14-2301-JWL**

**Kenneth Waterbury,**

       **Defendant.**

## MEMORANDUM & ORDER

In May 2004, a jury convicted defendant Kenneth Waterbury of conspiracy to distribute more than 500 grams of methamphetamine; possession with intent to distribute five or more grams of methamphetamine; and being a felon in possession of a firearm.  In February 2005, the court sentenced Mr. Waterbury to 325 months imprisonment for the conspiracy count and the possession with intent to distribute count and to 120 months imprisonment for the felon-in possession count to be served concurrently with the sentence on the other counts.  The Tenth Circuit affirmed Mr. Waterbury's convictions on appeal.  Thereafter, Mr. Waterbury filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255 asserting claims of ineffective assistance of counsel.  The court denied that motion in September 2008 and, in June 2009, the Circuit denied Mr. Waterbury a certificate of appealability to appeal the denial of his § 2255 petition and dismissed Mr. Waterbury's appeal.  Five years later, in June 2014, Mr. Waterbury filed a second motion to vacate his sentence under § 2255 or, alternatively, for relief under Federal Rule of Civil Procedure 60(b) or 28 U.S.C. § 2241 (doc. 626).  That motion is ripe for resolution and, as explained below, is dismissed for lack of jurisdiction.

In support of his motion, Mr. Waterbury contends that he is entitled to relief from his sentence under either § 2255 or Rule 60(b) in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2103). *Alleyne* held that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. According to Mr. Waterbury, the court sentenced him to a term of 325 months based on drug quantities not admitted by Mr. Waterbury and not found beyond a reasonable doubt by a jury. Mr. Waterbury, then, contends that *Alleyne* had the effect of rendering Mr. Waterbury "innocent" of the enhancement that he received based on the court's drug-quantity calculation.

Because Mr. Waterbury does not challenge the integrity of his habeas proceedings but seeks relief from his conviction and sentence, the court disregards Mr. Waterbury's references to Rule 60(b) and construes the motion as a § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (it is the relief sought in the motion rather than the pleading's title that determines whether the pleading is, in fact, a § 2255 motion); *see also In re Pickard*, 681 F.3d 1201, 1204-05 (10th Cir. 2012); *United States v. Eaton*, 475 Fed. Appx. 710, 711 (10th Cir. 2012) (Rule 60(b)–labeled motion was correctly treated as successive § 2255 petition because it asserted a basis for relief from conviction).

Because Mr. Waterbury's petition is clearly a successive § 2255 petition, he must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). He has not shown that he obtained such authorization and, thus, this court lacks jurisdiction to consider Mr. Waterbury's motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss Mr. Waterbury's claim for lack of jurisdiction or transfer the motion to

the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id.*

The court declines to transfer Mr. Waterbury's motion to the Circuit as it is not in the interest of justice to do so. Significantly, it is unlikely that Mr. Waterbury's claims have merit, which counsels against transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). While the motion is based on a new rule of constitutional law—namely, the Supreme Court's decision in *Alleyne*—the Supreme Court has not indicated that *Alleyne* applies retroactively on collateral attack and the Tenth Circuit has expressly held that *Alleyne* does not apply retroactively to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2); *In re Payne*, 733 F.3d 1027, 1029-30 & n.1 (10th Cir. 2013).

Alternatively, Mr. Waterbury petitions for habeas relief under § 2241 through the mechanism of § 2255(e)'s savings clause. The court lacks jurisdiction to consider this argument because a § 2241 petition must be brought in the district where the defendant is incarcerated. *See United States v. Silva*, ___ Fed. Appx. ___, 2014 WL 2610158, at *2 (10th Cir. June 14, 2014) (§ 2241 petition filed pursuant to savings clause must be filed in district of prisoner's incarceration); *United States v. Urbano*, 555 Fed. Appx. 832, 833-34 (10th Cir. 2014) (same); *Haskell v. Daniels*, 510 Fed. Appx. 742, 744 (10th Cir. 2013). The record in this case indicates that Mr. Waterbury is presently incarcerated at FCI—Memphis, Tennessee. Because he is not incarcerated in this district, this court lacks jurisdiction to consider Mr. Waterbury's § 2241 petition.

3

In sum, the court dismisses this action for lack of jurisdiction; declines to transfer the action to the Tenth Circuit; and declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's second motion to vacate under 28 U.S.C. § 2255 (doc. 626) is **dismissed** for lack of jurisdiction and the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge